UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LFP IP LLC et. al.,** | SACV 10-01546 DOC (MLGx) |
| Plaintiff(s), | |
| v. | **FINAL O R D E R** GRANTING PRELIMINARY INJUNCTION |
| **Midway Venture LLC et. al.,** | |
| Defendant(s). | |

     Before the Court is Plaintiffs LFP IP LLC et. al.'s Motion for Preliminary Injunction. Defendants Midway Venture LLC et. al. have not filed an Opposition. After considering Plaintiffs' arguments, and for the reasons set forth below, the Court hereby [GRANTS] the Preliminary Injunction.

**I.     BACKGROUND**

On October 15, 2010, Plaintiffs LFP IP LLC, LFP Publishing Group LLC and Larry C. Flynt filed an *Ex Parte* Application For Temporary Restraining Order, restraining Defendants Midway Venture LLC from advertising their adult night club as a "Hustler," "Hustler Club" or "Larry Flynt" establishment ("Application") (Docket 5).  The Application alleged that Plaintiffs owned these trademarks and that Defendants did not have permission to use them.  The Application further alleged that Defendants' unauthorized use of these trademarks posed a risk of irreparable injury to Plaintiff's reputation and consumer goodwill.  The Court granted the temporary restraining order ("TRO") on October 18, 2010.  Order Granting Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, Oct. 18, 2010 ("October 18 Order") (Docket 8).  The Court further granted Plaintiff's request for an Order to Show Cause re: Preliminary Injunction with a hearing to be held on today's date.  *Id.*

**II.    DISCUSSION**

The motion for preliminary injunction is currently unopposed.  In its October 18 Order, the Court gave Defendants until October 25, 2010 to file an opposition concerning the issuance of a preliminary injunction.  To date, Defendant has not filed anything with the Court.

It is possible that Defendants did not file an opposition with the Court because they believe that the Court has been divested of jurisdiction in this case.  On the same date that the Court issued its October 18 Order granting Plaintiff's TRO, Defendants filed a "Notice of Removal," seeking to remove this case to bankruptcy court.  Notice of Removal, Oct. 18, 2010 (Docket 7).  This purported "Notice of Removal," however, has no practical effect.  With their filing of a "Notice of Removal" to bankruptcy court, Defendants appeared to proceed as if they believed themselves to be removing a case from state to federal court.  The relationship between district court and bankruptcy court jurisdiction, however, is not analogous to the relationship between state court and federal court jurisdiction.  A bankruptcy court and a district court are courts within the same judicial district.  As the Central District of California has held when confronted with this issue, a party cannot "remove a lawsuit pending in federal district court to

the same district court where the lawsuit is already pending." *In Re Mitchell*, 206 B.R. 204, 210-11 (C.D. Cal. 1997) (stating that interpreting the statute to allow for this kind of removal – from a district court to a bankruptcy court within the same district – would yield a "logically idiotic result."). The logic and application of *In Re Mitchell* is not lessened by the fact that Defendants seek to "remove" this case to a bankruptcy court in the Southern District of California. Rather, the proper procedure to be employed in requesting transfer of a case to a bankruptcy judge is as follows: the party seeking the transfer to a bankruptcy court must file a motion in front of the district court requesting that the district judge refer the lawsuit to the bankruptcy court for further proceedings. *Id.* In this case, Defendants have made no such motion. All that has been filed is a procedurally meaningless "Notice of Removal" – a document with no practical effect.

In particular, this purported "Notice of Removal" does not excuse Defendants of their obligation to file a timely response to the Court's Order to Show Cause regarding the issuance of a preliminary injunction in this case. Defendants' choice not to file an opposition was made at Defendants' peril. When granting Plaintiffs' Application for a TRO, the Court determined (1) that Plaintiffs are likely to succeed on the merits (2) that Plaintiffs are likely to suffer irreparable harm absent injunctive relief (3) that the balance of hardships favors injunctive relief and (4) that injunctive relief serves the public interest. *See* October 18 Order (applying the standard stated in *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 586 F.3d 1109, 1127 (9th Cir. 2009)). Considering the lack of any opposition by Defendants and the fact that the analysis employed in evaluating requests for a TRO is substantially identical to the analysis applicable requests for a preliminary injunction, *id.* at 839 n.7, the Court has no reasons to doubt its previous findings. The issuance of a preliminary injunction is warranted in this case.[1]

**III.    DISPOSITION**

For the reasons set forth above, Plaintiff's request for Preliminary Injunction is hereby GRANTED. For the pendency of this case, Defendants are ENJOINED from advertising or

---

[1] The lack of any opposition by Defendants also provides the Court with authority to grant the requested preliminary injunction pursuant to Local Rule 7-12.

3

1 promoting night clubs or other goods or services bearing the "Larry Flynt," "Hustler" or
2 "Hustler Club" marks, and passing off such goods and services as those of Plaintiffs.

4 IT IS SO ORDERED.
5 DATED: October 29, 2010

*David O. Carter*
_____
DAVID O. CARTER
United States District Judge