UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1546 DOC (MLGx)            Date: December 1, 2010

Title: LFP IP, LLC et. al. v. MIDWAY VENTURE LLC et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING MOTION FOR ORDER REFERRING THIS ACTION TO THE UNITED STATES BANKRUPTCY COURT

      Before the Court is a Motion by Defendants Midway Venture LLC et. al. ("Defendants") for an Order Referring this Action to the United States Bankruptcy Court ("Motion") (Docket 28). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers thereon, and for the reasons set forth below, the Court hereby DENIES the Motion.

      **I.    BACKGROUND**

      Plaintiffs LFP IP, LLC, LFP Publishing Group, LLC and Larry Flynt (collectively, "Plaintiffs") allege that in or about April 2006, Plaintiff LFP Publishing Group, LLC ("LFP Publishing") entered into a written license agreement with non-party Pacers, Inc. ("Pacers"). Through the agreement, LFP Publishing granted Pacers a license to market and operate an adult night club located at 3310, 3314, 3334 and 3336 Midway Drive, San Diego, California as a "Hustler Club" ("San Diego Night Club"). Decl. of M. Klein, ¶ 9.

      On or about August 27, 2009, Pacers filed for bankruptcy. *In re Pacers Inc.*, Case No. 09-12378-LA11 ("Pacers Action"). By an Order dated June 8, 2010, the Bankruptcy Court approved the sale of certain Pacers business assets, pursuant to a written Agreement for Purchase and Sale of

Certain Assets ("Purchase Agreement").  Among the assets sold pursuant to the Purchase Agreement was the San Diego Night Club.

According to Plaintiffs, the Purchase Agreement specifically excludes the sale of any right of continued use of the "Hustler," "Hustler Club," or "Larry Flynt" trademarks in connection with the operation of the San Diego Night Club.  Plaintiffs point specifically to Recital D of the Purchase Agreement.  Recital D references "certain business names, trademarks and/or promotional materials ... certain branded merchandise ... and/or ... other licensed names materials products and/or services ... including but not limited to agreements with LFP Publishing Group" that Pacer either had used in the past or was presently using.  Recital D then provides :

> "Notwithstanding any such past or present uses of and/or business attributes arising out of such IP licenses ... Buyer acknowledges and agrees that Buyer will not receive any rights or interests respecting such IP licenses ... and Buyer agrees that, from and after Closing as provided herein, Buyer will remove all licensed material and products from the premises and cease using the same..."

In addition, Plaintiffs point to Section 1.1 D of the Purchase Agreement, which states that "[n]otwithstanding anything to the contrary, Seller will not convey to Buyer any interest in the IP Licenses."

Defendant purchased the San Diego Night Club pursuant to the Purchase Agreement.  Closing occurred on September 20, 2010.

Plaintiffs allege that, in violation of the clear language of the Purchase Agreement, Defendants have continued to operate the San Diego Night Club as a "Larry Flynt Hustler Club," refusing to remove any of Plaintiffs' marks from the property.  Plaintiffs contend that they sent Defendants two cease and desist letters, one dated September 22, 2010 and the other dated October 11, 2010, but that Defendants have taken no action to cease and desist their infringing activities.

Defendants now move the Court for an order referring this case to bankruptcy court.  Defendants point out that they purchased the San Diego Night Club from a bankruptcy estate and assert that the bankruptcy trustee misled them with regards to the assumability of the IP licenses at issue.  As a result, Defendants argue that the instant case is "intertwined" with issues before the bankruptcy court.  Plaintiffs disagree, arguing that the intellectual property and unfair competition claims at issue in the instant case are distinct from the administration of the bankruptcy estate of non-party Pacers and any claims that Defendants may have against the bankruptcy trustee in that action.  Plaintiffs submit that the bankruptcy court lacks jurisdiction to adjudicate its claims.

### II. LEGAL STANDARD

Under 28 U.S.C. § 157(b)(1), the bankruptcy court has jurisdiction over the following types of cases: (1) cases under the Bankruptcy Code, (2) core proceedings that arise under the Bankruptcy Code or arise in a case under the Code and (3) cases that are related to bankruptcy proceedings where all interested parties consent to bankruptcy court jurisdiction. 28 U.S.C. § 157(b)(1); *see also In re Ray*, -- F.3d. --, 2010 WL 4160135 at *4 (9th Cir. 2010). Only if bankruptcy jurisdiction exists may the district court refer matters to the bankruptcy court.

### III.  DISCUSSION

The present case does not fall under any of the above-listed categories. Accordingly, the bankruptcy court lacks jurisdiction and the case must remain with the instant Court.

Defendants do not attempt to classify this action as a "case under [the Bankruptcy Code]" Rather, Defendants argue that Plaintiffs' claims constitute either a core proceeding arising under the Code or a related action in which Plaintiffs have consented to bankruptcy jurisdiction. The Court addresses these arguments in turn.

#### **"Core Proceeding" Jurisdiction**

A "core proceeding" is one that "invokes a substantive right provided by title 11 or ... a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Gruntz v. County of Los Angeles,* 202 F.3d 1074, 1081 (9th Cir. 2000). Here, Plaintiffs seek relief under federal trademark and state unfair competition law. Plaintiffs' claims neither invoke substantive rights under title 11 nor depend on bankruptcy law for their existence. This case thus does not qualify as a "core proceeding" arising under the Bankruptcy Code.

Nor can Plaintiffs' case be classified as a "core proceeding" that "arise[s] in a case" under the Code. The Ninth Circuit clarified the meaning of "aris[ing] in a case" under the Code in *In re Eastport Associates*, 935 F.2d 1071 (9th Cir. 1991), describing this phrase as "a reference to those 'administrative' matters that arise *only* in bankruptcy cases." *Id.* at 1076 (further explaining that "'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.") (emphasis in original).

#### **"Related to" Jurisdiction**

Bankruptcy courts have jurisdiction to issue final orders in matters "related to" cases under title 11 so long as all interested parties consent. Defendants contend that the instant case relates to the Pacers Action and that Defendants consented to bankruptcy court jurisdiction when Plaintiff LFP Publishing filed a claim for unpaid royalties against Pacers in the Pacers Action. Plaintiffs dispute both points.

A proceeding is related to a case under title 11 if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988). More specifically, "[a]n action is related to bankruptcy if the outcome could alter the ***debtor***'s rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the ***estate***." *Id.* (emphasis added). In this case, the instant action does not affect the interests of Pacers, the bankruptcy debtor. Nor do the current proceedings affect the administration of Pacers's estate. Pacers is not a party to this action. Resolution of this case will determine only whether Defendants are authorized to utilize Plaintiffs' trademarks in the operation of a night club that it happened to purchase from a bankruptcy estate.

Defendants, however, contend that the instant case is "inextricably intertwined" with Defendants claims against the bankruptcy trustee in the Pacers action for allegedly making false and misleading representations regarding the assumability of the intellectual property licenses at issue. Def.'s Rep. at 2. The Court disagrees. The question of whether Defendants actually have a right to operate the San Diego Night Club as a Larry Flynt Hustler Club – the matter at issue here – is entirely distinct from the question of whether the Trustee, an entity unrelated to Plaintiffs, made false and misleading representations concerning the assumability of the IP licenses.

In any event, Plaintiffs have not consented to bankruptcy court jurisdiction. Even where a case relates to matters under the Bankruptcy Code, a bankruptcy court may not issue final orders in a related case unless all parties consent to bankruptcy court jurisdiction. *See* 28 U.S.C. § 157(b)(1). Defendants contend that Plaintiffs consented to bankruptcy court jurisdiction over the instant matter when Plaintiff LFP Publishing filed a claim in the Pacers action, attempting to recoup pre-bankruptcy royalties that Pacers had failed to pay. This argument cannot possibly apply to Plaintiffs LFP IP Inc. or Larry Flynt, as these Plaintiffs did not file a claim in the Pacers action. Even with respect to Plaintiff LFP Publishing, Plaintiffs have provided no authority for the proposition that filing a claim for payment in a bankruptcy action amounts to consent to submit to bankruptcy court jurisdiction other than for issues directly related to the administration of that claim. The only case cited by Defendants, *Tsafaroff v. Taylor*, 884 F.2d 478 (9th Cir. 1989), simply holds that the bankruptcy court maintains jurisdiction to dispose of matters ancillary to a claim, "such as an application for an award of attorneys fees." *Id*. at 17. *Tsafaroff* does not support Defendants' position that Plaintiffs have submitted to bankruptcy court jurisdiction over allegations of trademark infringement unrelated to its claim for unpaid royalties against an entirely separate entity.

In light of the above, bankruptcy court jurisdiction does not exist. The Court lacks discretion to refer this matter to the bankruptcy court.

## VI.   DISPOSITION

For the reasons stated above, Defendants' Motion for Order Referring This Action to the Bankruptcy Court is DENIED.